IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary,                                )<br>                                                        )<br>                            Plaintiff,       )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>State of South Carolina; Mayor of Bishopville; )<br>Ms. Nikki Haley, *Governor*; Broad River Inst.; )<br>Kershaw Corr. Inst.; Lieber Corr. Inst.; Lee   )<br>County Corr. Inst.; Perry Corr. Inst.; President )<br>Obama; Evans Corr. Inst.,                       )<br>                                                        )<br>                            Defendants.   )<br>_____)  | C/A No.  0:15-4982-MBS-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Clifton Singletary, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Plaintiff is an inmate at Lee Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Plaintiff alleges that he has been incarcerated since 1994 and has had dental work, to include the pulling of teeth, performed at every prison in which he has been housed.  (ECF No. 1 at 3-4.)  However, Plaintiff claims that he was not advised that he suffered from gum disease until his transfer to Lee Correctional Institution.  (Id. at 3.)  Plaintiff attributes his dental issues and resulting pain to the State of South Carolina's failure to provide dental floss to inmates, because it is considered contraband.  (Id.)  Plaintiff asserts that, if this gum disease had been caught or divulged in its early

stages, Plaintiff could have prevented many of his dental issues. (Id.) Plaintiff seeks monetary damages in this case. (Id. at 5.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

Plaintiff primarily alleges a violation of his constitutional rights by the State of South Carolina. Therefore, the Complaint is evaluated under 42 U.S.C. § 1983, which " 'is not itself a



source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  With regard to President Obama, the Plaintiff's constitutional claims are evaluated under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.[2]

To state a claim under § 1983 or Bivens, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In the instant action, Plaintiff alleges deliberate indifference to his dental needs, which is a potentially cognizable claim under § 1983 and Bivens.  However, as discussed below, the court finds that the instant case is subject to summary dismissal, because Plaintiff fails to name any defendant who personally participated in the alleged deprivation who would be amenable to suit under § 1983 or Bivens.

**1.     Individual Capacity Claims—Defendants Mayor of Bishopville; Nikki Haley; and President Obama**

To state a plausible claim for relief under § 1983 or Bivens, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

---

[2] A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in Bivens actions.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 n.30 (1982).



own individual actions, has violated the Constitution."); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 570 (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible"). In the instant action, Plaintiff does not mention any of the individually named defendants in the body of the Complaint or provide any indication that these defendants were personally involved with the alleged denial of Plaintiff's constitutional rights. Thus, while Plaintiff asserts a potentially cognizable constitutional claim, he provides insufficient factual allegations to plausibly assert such a claim against any defendant in their individual capacity.

**2.    Official Capacity Claims—Defendants State of South Carolina; Nikki Haley; President Obama; and Mayor of Bishopville**

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, officials, and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police,



491 U.S. 58, 71 (1989) (holding that claims against a state official for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.³ Therefore, Plaintiff's constitutional claims seeking damages against Defendants State of South Carolina and Nikki Haley, in her capacity as Governor, are barred by the Eleventh Amendment.

Further, the United States Supreme Court has held that "officials whose special functions or constitutional status requires complete protection from suit" are entitled to "absolute immunity." Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). The list of officials protected by such absolute immunity include "legislators, in their legislative functions . . . judges, in their judicial functions . . . . and the President of the United States." Id. (citations omitted); see also Hafer v. Melo, 502 U.S. 21, 29 (1991). Thus, Defendant President Obama is absolutely immune from Plaintiff's claims in this action and entitled to summary dismissal from this case.⁴

Finally, to the extent Plaintiff sues the Mayor of Bishopville in his official capacity, such claims are also subject to summary dismissal. A plaintiff who seeks to assert a § 1983 claim for acts

---

³ Congress has not abrogated the states' sovereign immunity under § 1983. See Quern v. Jordan, 440 U. S. 332, 343 (1979). Further, South Carolina has not waived immunity for § 1983 claims. See S.C. Code Ann. § 15-78-20(e).

⁴ Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Thus, to the extent Plaintiff may be attempting to sue the United States in this action for any constitutional violation, such claims are likewise subject to summary dismissal.



done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. See Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (holding that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts . . . are taken in furtherance of some municipal 'policy or custom' ") (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). The instant Complaint fails to assert that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of the City of Bishopville. Therefore, Defendant Mayor of Bishopville is also entitled to summary dismissal from this case for Plaintiff's failure to assert any actionable conduct by this governmental official.

   3.   **Not a Person—Defendants Broad River Institution; Kershaw Correctional Institution; Lieber Correctional Institution; Lee County Correctional Institution; Perry Correctional Institution; and Evans Correctional Institution**

It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell, 436 U.S. at 690 n.55. Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); see also Nelson v. Lexington Cty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that a detention center, "as a building and not a person, is amenable to suit under § 1983"). As the prisons named in this action are not considered "persons" amenable to suit under § 1983, they are entitled to summary dismissal from this case.



**III.    Conclusion**

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

January 26, 2016                                                Paige J. Gossett
Columbia, South Carolina                              UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).