IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary, ) | |
| ) | C/A No. 0:15-4982-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| State of South Carolina; Mayor of ) | |
| Bishopville; Ms. Nikki Haley, Governor; ) | |
| Broad River Inst..; Kershaw Corr. Inst.; ) | |
| Lieber Corr. Inst.; Lee County Corr. Inst.; ) | |
| Perry Corr. Inst.; President Obama; ) | |
| Evans Corr. Inst.; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Clifton Singletary is an inmate of the South Carolina Department of Corrections (SCDC) who currently is housed at Lee Correctional Institution (LCI) in Bishopville, South Carolina. Plaintiff, proceeding pro se, filed a complaint on December 17, 2015, alleging that he now suffers from periodontitis because he has not been provided dental floss, which is considered to be contraband. Plaintiff asserts his gum issues could have been prevented, but that he was not advised about the periodontitis until he was transferred to LCI. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On January 16, 2016, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff had failed to state any allegations of

wrongdoing with respect to Defendants Mayor of Bishopville, Governor Nikki Haley, and President Obama in their individual capacities. The Magistrate Judge further determined that Defendants State of South Carolina and Nikki Haley are barred from suit in their official capacities under the Eleventh Amendment and that President Obama is entitled to absolute immunity in his official capacity. In addition, the Magistrate Judge found that Plaintiff failed to demonstrate any policy or custom by which the Mayor of Bishopville, a municipal official, could be held liable. Finally, the Magistrate Judge noted that Defendants Broad River Institution, Kershaw Correctional Institution, Leiber Correctional Institution, Lee County Correctional Institution; Perry Correctional Institution, and Evans Correctional Institution are not "persons" amenable to suit under § 1983. Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed. Plaintiff did not file objections to the Report and Recommendation.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

  The court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge and incorporates the Report and Recommendation herein by reference. The

within complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 11, 2016

NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3