IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary,            )<br>                                           )<br>                 Plaintiff,      )<br>                                           )<br>        vs.                         )<br>                                           )<br>State of South Carolina; Mayor of           )<br>Bishopville; Ms. Nikki Haley, Governor;  )<br>Broad River Inst..; Kershaw Corr. Inst.;    )<br>Lieber Corr. Inst.; Lee County Corr. Inst.; )<br>Perry Corr. Inst.; President Obama;         )<br>Evans Corr. Inst.;                              )<br>                                           )<br>                 Defendants.   )<br>_____) | C/A No. 0:15-4982-MBS<br><br>**O R D E R** |

Plaintiff Clifton Singletary is an inmate of the South Carolina Department of Corrections (SCDC) who currently is housed at Lee Correctional Institution (LCI) in Bishopville, South Carolina. Plaintiff, proceeding pro se, filed a complaint on December 17, 2015, alleging that he suffers from periodontitis, but that he was not advised about the periodontitis during his incarceration until he was transferred to LCI.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.  The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  On January 16, 2016, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff had failed to state any allegations of wrongdoing with respect to Defendants Mayor of Bishopville, Governor Nikki Haley, and President Obama in their individual capacities.  The Magistrate Judge further determined that Defendants State

of South Carolina and Nikki Haley are barred from suit in their official capacities under the Eleventh Amendment and that President Obama is entitled to absolute immunity in his official capacity. In addition, the Magistrate Judge found that Plaintiff failed to demonstrate any policy or custom by which the Mayor of Bishopville, a municipal official, could be held liable. Finally, the Magistrate Judge noted that Defendants Broad River Institution, Kershaw Correctional Institution, Leiber Correctional Institution, Lee County Correctional Institution, Perry Correctional Institution, and Evans Correctional Institution are not "persons" amenable to suit under § 1983. Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed. Plaintiff did not file objections to the Report and Recommendation. By order filed April 13, 2016, the court adopted the Report and Recommendation and summarily dismissed the complaint without prejudice and without issuance and service of process.

This matter now is before the court on Plaintiff's motion for reconsideration. See Fed. R. Civ. P. 59(e). Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v.

International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases).

>Plaintiff argues as follows:
>
> In response to order of 4/13/2016 Case: 0:15-cv-04982-MBS Document # :21. Due under circumstances all officials could be account for this civil suite action due to the fact they have professionals to handle and look into all situations. So this case or more than in order to come up with a hearing of my constitutional right. That has been violated a court hearing should of been set since 2013 when case been file . . . real issues are raise in this case but seem to go ignored. So this don't be acknowledge properly further damage will be takeing place.

ECF No. 24 (errors in original).

As the court previously held, and as explained by the Magistrate Judge, Plaintiff has failed to state a claim upon which relief could be granted because (1) he failed to state any allegations of wrongdoing with respect to Defendants Mayor of Bishopville, Governor Nikki Haley, and President Obama in their individual capacities; (2) Defendants State of South Carolina and Nikki Haley are entitled to Eleventh Amendment immunity in their official capacities; (3) President Obama is entitled to absolute immunity in his official capacity; (4) he failed to identify any policy or custom by which the Mayor of Bishopville could be held liable; and (5) Defendants Broad River Institution, Kershaw Correctional Institution, Leiber Correctional Institution, Lee County Correctional Institution, Perry Correctional Institution, and Evans Correctional Institution are not "persons" amenable to suit under § 1983. Plaintiff has not shown an intervening change in controlling law, new evidence not available

earlier; or (3) a clear error of law or manifest injustice.  Plaintiff's Rule 59(e) motion is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 8, 2017

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**